[836 NYS2d 208]

In the Matter of DONALD J. NEIDHARDT, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 1, 2007

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The respondent was publicly censured by order of the Supreme Court of the State of Montana dated July 19, 2006. The Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) served the respondent with a notice, pursuant to 22 NYCRR 691.3, informing him of his right, within 20 days, to file a verified statement setting forth any of the defenses to the imposition of reciprocal discipline as enumerated in 22 NYCRR 691.3 (c). The Grievance Committee also apprised the respondent of his right to demand a hearing, at which consideration would be given to any defense enumerated.

The respondent agreed to be served by mail at a post office box in Montana. Although duly served by the Grievance Committee on August 7, 2006, the respondent neither asserted any of the enumerated defenses nor demanded a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.

The respondent conceded the material facts, as alleged in the complaint which was filed in the formal disciplinary proceedings, and acknowledged that proof of such allegations would provide grounds for discipline. The Commission on Practice of the Supreme Court of the State of Montana (hereinafter the Commission) voted unanimously to recommend approval of the respondent's tendered admission. The Supreme Court of the State of Montana reviewed the findings and recommendation of the Commission and accepted it. Accordingly, the respondent was ordered to appear before the Supreme Court of the State of Montana on August 22, 2006, to be publicly censured. He was prohibited from practicing law before any Montana court or administrative agency until duly admitted in that state, except for pro se matters; he was prohibited from seeking admission to the State Bar of Montana for one year; and he was assessed the cost of disciplinary proceedings.

The allegations of professional misconduct against the respondent are set forth in the complaint before the Commission.

The Supreme Court of the State of Montana found that the respondent violated pertinent disciplinary rules of the State of Montana by (1) deceiving the Judge who swore him in, as the respondent represented that it was proper for the Judge to administer an oath of admittance, (2) attempting to deceive the United States District Court for the District of Montana by applying for admission even though he was not admitted to the State Bar of Montana, (3) misrepresenting his status to all

courts in which he made appearances, (4) misrepresenting his status to opposing counsel and parties in the cases in which he made appearances, and (5) misleading his employers about his ability to practice law. The court found that the respondent's appearances as counsel of record were prejudicial to the administration of justice.

Based upon the findings of the Supreme Court of the State of Montana, the Grievance Committee's motion to impose reciprocal discipline upon the respondent is granted and the respondent is publicly censured in the State of New York.

PRUDENTI, P.J., MILLER, SCHMIDT, SPOLZINO and FLORIO, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Donald J. Neidhardt, is publicly censured for his professional misconduct.