[870 NYS2d 427]

In the Matter of DONALD J. NEIDHARDT, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 23, 2008

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Donald J. Neidhardt*, Olney, Montana, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The respondent was publicly censured by order of the Supreme Court of Montana dated July 19, 2006, based on violations of rules 8.5, 8.1 (b) and 3.3 (d) of the Montana Rules of Professional Conduct. On May 8, 2006, the respondent tendered a conditional admission and affidavit of consent in the Montana proceeding in which he admitted several violations.

The Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) served the respondent with a notice pursuant to 22 NYCRR 691.3, informing him of his right, within 20 days, to file a verified statement setting forth any of the defenses to the imposition of reciprocal discipline as enumerated in 22 NYCRR 691.3 (c) and to demand a hearing at which consideration would be given to any defense enumerated. In view of the respondent's failure to file a statement with the Court or demand a hearing, the Court found no impediment to the imposition of reciprocal discipline and publicly censured the respondent by opinion and order dated May 1, 2007 (42 AD3d 41 [2007]).

In his motion for leave to reargue, the respondent maintained that he had submitted a verified answer raising all three of the enumerated defenses. However, the respondent's submission was made to the Grievance Committee but was never filed with the Court. The respondent further maintained that the Court's opinion and order dated May 1, 2007, was based on erroneous information. He asserted that the five allegations of professional misconduct cited in the opinion emanate from the complaint before the Commission on Practice of the Supreme Court of Montana, which was before this Court on the Grievance Committee's application for the imposition of reciprocal discipline. However, the order of the Supreme Court of Montana is predicated solely on a violation of rules 8.5, 8.1 (b) and 3.3

(d). The Court granted the respondent's motion for leave to reargue and, upon reargument, recalled and vacated the opinion and order publicly censuring him in order to afford him an opportunity to clarify the issue and view the precise scope of his admissions, notwithstanding his failure to demand a hearing.

Pursuant to this Court's order made upon reargument, recalling and vacating the opinion of May 1, 2007, and holding in abeyance the Grievance Committee's application for the imposition of reciprocal discipline pending a hearing, this matter was heard on December 26, 2007, before the Honorable James A. Gowan. Based upon the hearing and the evidence adduced, Special Referee Gowan determined that the evidence did not establish that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process in the State of Montana. Nor was there an infirmity of proof establishing the respondent's professional misconduct by the Supreme Court of Montana. With respect to the third defense, that the imposition of reciprocal discipline would be unjust, the Special Referee left that determination to the Court.

The Grievance Committee now moves to confirm the report of the Special Referee and to impose reciprocal discipline as the Court deems appropriate. The respondent cross-moves to partially confirm the report of the Special Referee but affirming his defense that the imposition of reciprocal discipline would be unjust under the circumstances.

At the hearing, the respondent testified that, upon his lawyer's advice that he would "never . . . do better," he admitted violations of three of the Montana Rules of Professional Conduct. The matter ultimately was resolved by stipulation in the form of the respondent's tendered conditional admission and affidavit of consent.

When questioned by the Special Referee, the respondent conceded that he did not attempt to challenge the constitutionality of the proceeding in federal District Court in Montana upon the advice of his lawyer that any such challenge would be unsuccessful.

The respondent testified with respect to the factual underpinnings of his admissions. In relation to rule 8.5, the "pro hac vice" rule, the respondent admitted that he had not signed the required form for attorneys who seek to practice in Montana pro hac vice by motion or before otherwise being admitted in that state, whereby they agree to be bound by the rules of

professional conduct and to be subject to the disciplinary authority of that state. In response to the Special Referee's inquiry, the respondent acknowledged that paragraph 8 of his stipulation constituted an admission and a finding.

With regard to rule 8.1 (b), which calls for disclosure of facts to correct a misapprehension, the respondent stipulated to two technical violations.

With respect to rule 3.3 (d), which requires an attorney to disclose "all material facts" necessary for a tribunal to make an informed decision, the respondent testified that he failed to tell Judge Stadler, the Judge who swore him in, that he had not yet mailed the pro hac vice form despite clear instructions in the letter to do so.

The respondent's argument is that none of these charges would be worthy of the imposition of discipline in New York. In his view, his admitted violations were ministerial and technical and would not warrant punishment if charged in New York.

Based upon the evidence adduced, the defenses advanced by the respondent are without merit. The respondent was not deprived of due process in the Montana proceeding in which he was represented by able counsel and had ample opportunity to be heard and to present evidence in his own defense. He participated in the investigation and was fully apprised of the ramifications of his stipulation.

Nor was there such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that this Court, consistent with its duties, could not accept the findings of the Montana court as final. The terms of the tendered conditional admission and affidavit of consent are clear. Although he was not yet an admitted attorney in Montana, the respondent was an experienced New York attorney who could not persuasively argue that he was ignorant of the importance of that writing. Notwithstanding the respondent's categorization of his violations as ministerial and technical, he nevertheless made material misrepresentations to a court of law, even if by omission.

In view of paragraph four of the respondent's tendered conditional admission and affidavit of consent, in which he acknowledged that he might be subject to reciprocal discipline by the New York authorities, his argument that the imposition of reciprocal discipline would be unjust is baseless. The Special Referee found no evidence, other than the respondent's assertions, of a hostile, provincial animus on the part of the Supreme Court of Montana or Bar Association.

Under the circumstances, we find that none of the enumerated defenses to the imposition of reciprocal discipline has been sustained. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted and the respondent's cross motion to partially confirm the Special Referee's report by affirming his defense that the imposition of reciprocal discipline would be unjust under the circumstances is denied. The respondent is publicly censured based on the discipline imposed in the State of Montana.

PRUDENTI, P.J., MASTRO, SPOLZINO, SKELOS and FISHER, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline upon the respondent is granted; and it is further,

Ordered that the Grievance Committee's motion to confirm the Special Referee's report is granted and the respondent's cross motion to partially confirm the Special Referee's report is denied; and it is further,

Ordered that the respondent is publicly censured for his professional misconduct.